DECISION
Plaintiffs appeal to this court from Defendant's 2010 notice of disqualification of 140 acres of land from farm use special assessment. The disqualification increased Plaintiffs' values for the 2010-11 tax year.
The court held a case management hearing by telephone January 5, 2011. Cheryl Plikat appeared for Plaintiffs. Defendant was represented by Paul Meyer, Douglas County Counsel. Defendant Susan Acree also appeared at the hearing, along with Erleen Simms, county appraiser, and Kathy Miller, farm/forest technician.
 I. STATEMENT OF FACTS
The subject property, 140 acres of land, was specially assessed as non-exclusive farm use zoned farmland. The property is identified in the assessor's records as Accounts R15018 and R15026.
Defendant mailed Plaintiffs an income questionnaire in February 2010. Plaintiffs returned that document to Defendant in mid-April, 2010, indicating that the property was "not being farmed." (Def s Ltr at 2, Dec 29, 2010.) The questionnaire is signed by Cheryl Plikat, and dated April 14, 2010. (Id. at 3.) Plaintiffs also checked a box at the bottom of page one of the *Page 2 
income questionnaire indicating that the land is not being farmed. (Id. at 2.) Plaintiff Cheryl Plikat acknowledged during the January 5, 2011, hearing, that the land was not farmed in 2010.
Defendant mailed Plaintiffs a notice advising them that the property was being disqualified from special assessment because it was no longer in a qualifying farm use. (Compl at 2.) That notice is dated August 6, 2010. (Id.) Plaintiffs timely appealed the disqualification to this court.[1] See generally ORS 308A.718(4)[2] (providing for appeal of a notice of disqualification to the Oregon Tax Court "within the time and in the manner provided in ORS 305.404 to 305.560"), ORS 305.560(1)(a) (providing for an appeal to the Tax Court "within the time required under ORS 305.280"), and ORS 305.280 (generally providing for an appeal within "90 days after the act * * * becomes actually known to the person").
 II. ANALYSIS
One of the fundamental requirements for farm use special assessment for land not within the exclusive farm use zone is that the land "is being used, and has been used for the preceding two years, exclusively for farm use[.]" ORS 308A.068(1). As the name implies, "farm use" requires that the property be farmed. ORS 308A.056(1) provides in relevant part that "`farm use' means the current employment of land for the primary purpose of obtaining a profit in money" by undertaking one of a number of statutorily enumerated farming practices. Plaintiffs acknowledge that the land was not being farmed. Additionally, unzoned farmland (i.e., land is not within an exclusive farm use zone) must generate income. See generally ORS 308A.071.
ORS 308A.116(1)(c) requires the assessor to remove a property from special assessment "upon the discovery that the land is no longer in farm use for failure to meet the income *Page 3 
requirements under ORS 308A.071 or is no longer in farm use." Plaintiffs acknowledge the property was not being farmed. Accordingly, Defendant was required to disqualify the subject property.
A disqualification is effective for the "current assessment year" provided "the notice of disqualification * * * is mailed by the county assessor prior to August 15 of the tax year for which the disqualification of the land is asserted." ORS 308A.116(7)(a) and (b). In this case, the assessor discovered that the property was no longer in farm use in April 2010. That was during the 2010 assessment year. ORS 308.007(1)(b) (defining "[a]ssessment year" as a calendar year). The assessor mailed the disqualification notice on August 6, 2010, which was prior to August 15, 2010. ORS 308.007(1)(c) (defining the "[t]ax year" as "a period of 12 months beginning on July 1."). August 6, 2010, was during the 2010-11 tax year. ORS 308.007(2) (providing that "the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year"). Accordingly, Defendant's August 2010 disqualification was effective for the 2010-11 tax year.
Plaintiffs would like the property to be placed back in special assessment as qualifying forestland. While there is provision in the law for an application for change of special assessment, Plaintiffs have not appealed that issue to this court, but have instead pursued the matter with the Oregon Department of Revenue under ORS 307.475, commonly known as the "hardship" statute.
 III. CONCLUSION
The court concludes that Plaintiffs' appeal should be denied because they acknowledge that their property was not farmed in 2010 and Defendant timely and correctly disqualified the property from special assessment for the 2010-11 tax year. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal of Defendant's farm use special assessment disqualification for the 2010-11 tax year is denied, as explained above.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 17, 2011. The Court filed and entered this documenton February 17, 2011.
[1] The Complaint was "filed" with the court November 5, 2010, and postmarked November 4, 2010, 90 days after the date of the notice of disqualification.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1